**Norman and Mary Lou YORK**

v.

**UNITED STATES of America.**

**Civ. No. C85–64G.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Feb. 10, 1986.

Woodrow Stewart, Gainesville, Ga., for plaintiff.

Barbara Tinsley, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

Presently pending for review is the motion of the United States (US) for summary judgment. Plaintiffs oppose the motion. Plaintiffs filed this action to recover federal income tax, penalties, and interest. The court granted the motion of the US to dismiss plaintiffs' claims for taxes and interest. *York v. United States*, No. C–85–64–G (N.D.Ga. Nov. 26, 1985) [Available on WESTLAW, DCTU database].

The US then moved for summary judgment, claiming that the court lacks jurisdiction because the remaining claims for penalties were not timely filed. A taxpayer may file a tax refund suit only after filing a claim for a refund with the Internal Revenue Service (IRS). 26 U.S.C. § 7422(a). The refund claim to the IRS must be made within three years after the return was filed or two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). The penalties were incurred in 1972 and 1973. The US presented evidence which indicates that the IRS received plaintiffs' payment on September 4, 1981. The refund claim was filed on September 13, 1983. The claim thus would be untimely. Plaintiffs offered evidence however, that their bank account was not debited until September 14, 1981 for their checks to the IRS.

Plaintiffs cite 26 U.S.C. § 6311(b)(1), which provides that a taxpayer who tenders a check which is dishonored remains liable for the payment of that tax.

The US points to 26 U.S.C. § 7502(a)(1), which states that a payment received after the due date but postmarked before then shall be deemed paid on the postmark date. The US does not claim that plaintiffs' payment was received late. Apparently the payment's postmark was timely.

Section 7502 arguably applies to the instant action. No conflict, however, exists between § 6311 and § 7502. Section 6311 does not state that payment is received once a check clears. To so find would put a taxpayer in a very precarious position. Even if a taxpayer paid his tax on time, his check might not clear immediately, through no fault of his own. Conceivably, he could be penalized for banking delays. The more sensible course is that set out by § 7502, that a payment is deemed to be received on its postmark date. Plaintiffs have cited no authority to the contrary.

Even if § 7502 is inapplicable, the result would be the same. Section 6311 does not specify that the date the check clears is the date of payment. For the purposes of this suit, the court finds that the date on which the IRS received plaintiffs' check, at the latest, is the date of payment. The rationale set forth above covers this situation.

In the instant case, the parties have not tendered evidence of the postmark date. The US presented its records indicating that it received the payments on September 4, 1983. Obviously they were postmarked and received by the IRS before then. Plaintiffs' evidence, consisting of their bank statement, does not contradict this fact.

The court grants the motion of the US for summary judgment.